HENRY A. WINDLEY and SAMUEL WINDLEY, Ex'rs of R. C. Windley, v. R. T. BONNER, Adm'r et al.

*Assignment—Estoppel—Revival of Judgment.*

Where the assignee of a judgment which had become dormant instituted in his own name, as assignee, proceedings for leave to issue execution, to which the defendant was a party but made no opposition, and the leave was granted, the defendant and those claiming under him were concluded by those proceedings from denying the assignment.

CIVIL ACTION, tried before *Avery, J.,* at May Term, 1887, of the Superior Court of BEAUFORT County.

The complaint alleges the plaintiff's testator (who died since the commencement of this action) to be the owner of a certain judgment recovered in the Superior Court of Beaufort, at Fall Term, 1869, by Samuel Windley, administrator of William S. Cordon, against Benjamin F. Tripp and William H. Tripp, in the sum of two hundred dollars, with interest from May 21st, 1850, and costs, the issue of numerous executions to enforce payment thereof; the death of said William H., leaving a will in which he devises the land described in the complaint to the defendant, Araminta, his widow, with the proviso that she pay all his debts; her neglect and refusal to make such payments, and the insufficiency of the personal estate in the hands of the defendant R. T. Bonner, administrator with the will annexed, for their discharge. The other defendants are the heirs at law of the testator, and the object of the action is, after laying off the exemption, to have the excess sold and the proceeds applied in discharge of the indebtedness.

The answer of the defendants, while admitting many of the plaintiffs' allegations, sets up divers defences, and among them denies the assignment of the debt due on the judgment, or that the plaintiffs have any right or claim thereto if in

fact it has any validity. This denial of the transfer raises the only issue upon the trial of which the alleged erroneous ruling was made, and which alone on the plaintiffs' appeal comes up for review in this Court. In support of their claim to the fund the plaintiffs introduced the following documentary proofs in the course of the proceedings in the former suit, and the action of the Court upon them:

Samuel Windley, administrator of W. S. Cordon, deceased, having filed his petition for the sale of notes, judgment and accounts belonging to the estate of said intestate, and it appearing that the said chose in action cannot be collected by due course of law, it is therefore ordered by the Court that the said administrator advertise and sell said notes according to law. March 2, 1874.

GEO. L. WINDLEY,<br>
*Probate Judge.*

R. C. WINDLEY, Assignee of Samuel Windley, Administrator of Wm. S. Cordon, deceased,

    *v.*

  B. F. and W. H. TRIPP.

I. R. C. Windley, being duly sworn, deposes and says that he is the owner of the above entitled judgment by purchase at a public sale.

II. That said judgment was granted at Fall Term, 1869, for $200, with interest from 21st of May, 1860, and $16.90 costs, and that no part thereof, to the best of affiant's knowledge and belief, has been paid.

That said judgment is docketed in the Superior Court of Beaufort County·

R. C. WINDLEY.

Sworn to and subscribed before me on this 24th day of July, 1861.

JNO. G. BLOUNT, *Clerk.*

To WM. H. TRIPP, ESQ.:

Take notice that the undersigned will move the Superior Court of Beaufort County on the 4th Monday in January, 1876, for leave to issue execution in the above entitled judgment. Said motion will be made on the affidavits hereto annexed.                    R. C. WINDLEY.

Executed by del. copy to W. H. Tripp.
                        F. J. SATCHWELL, *Sheriff.*

It appearing to the Court that personal service of the notice herein has been served on W. H. Tripp, and no answer being made, it is, on motion, ordered that the plaintiff have leave to issue execution against W. H. Tripp in this action.
                        W. A. MOORE, *Judge.*

The Court being of opinion that the evidence thus produced was not sufficient to support the alleged assignment, the plaintiffs, in deference thereto, submitted to a nonsuit and appealed.

*Messrs. W. B. Rodman, Jr.,* and *Geo. H. Brown, Jr.,* for the plaintiffs.
*Messrs. C. F. Warren* and *J. H. Small,* for the defendants.

SMITH, C. J., (after stating the case).  Previous to the recent changes in the mode of procedure, the assignee of the subject matter of the action, if capable of legal transfer, could not be substituted in place of the plaintiff, and in his own name prosecute the action.  If assignable only in equity, the action proceeded as if no such transfer had been made, but for the use of the assignee.

It is now otherwise, and by virtue of § 188 of *The Code,* and as a consequence of the union of legal and equitable remedies in a single procedure, the action may " be continued in

the name of the original party," or by the consent of the
Court the assignee may be substituted in his place.   When
the substitution is made the assignee becomes thenceforth a
party to the record, and prosecutes the suit upon the same
cause of action as succeeding to it.   If the plaintiff died and
the cause of action survived, his personal representative could
take his place, and the cause was retained in the Court for
two terms for the application to be made.   Rev. Code, ch. 1,
sec. 1.

This could be done by the issue of a *scire facias* at the in-
stance of the defendant against or to such representative, or
the latter could be made a party by motion, as is pointed out
and explained by Ruffin, C. J., in *Borden* v. *Thorpe,* 13 Ired.,
298.

The plaintiff claiming the debt reduced to judgment and
unpaid, after notice to the administrator of the debtor of his
intended motion, and upon his own affidavit of the assign-
ment, and without any opposition, obtained leave to sue out
execution in his own name, as owner of the judgment, which
order at the same time restored life and activity to the dor-
mant judgment.   The notice was proper in this case, since
the action had been prosecuted to judgment, and the defend-
ant is not chargeable with knowledge of what transpires af-
terwards in the proceeding to enforce it.

The adjudication upon the plaintiff's motion by which he
is made a party plaintiff of record in the action is conclusive
of his right to proceed, as proposed, in the enforcement of the
judgment against the real estate, and indeed it is not mate-
rial to the administrator who receives the money, so that the
debt is satisfied and the judgment discharged.   If there has
been no transfer, the money may be claimed by the original
party, but the right cannot be contested by the debtor who
has had his day in Court, and has, by his own negligence,
failed to avail himself of it.

There is error, and the judgment is reversed.

Error.